In re Herman B. GUILLORY and Besie Berzas Guillory d/b/a Eunice Fence Co., Debtors.

**ACADIANA BANK, Plaintiff,**

v.

**W. Simmons SANDOZ, Trustee, and St. Landry Homestead Association, Defendants.**

Bankruptcy No. 485–00478–LO–7.
Adv. No. 485–0119.

United States Bankruptcy Court,
W.D. Louisiana.

April 24, 1986.

On Motion for Rehearing July 31, 1986.

Michael Matt, Eunice, La., and Hank S. Hannah, Lafayette, La., for First Acadiana Bank.

W. Simmons Sandoz, Opelousas, La., trustee.

Charles F. Boagni, III, Opelousas, La., for St. Landry Homestead Assoc.

## REASONS FOR JUDGMENT

RODNEY BERNARD, JR., Bankruptcy Judge.

This matter is before the court on cross-motions for summary judgment filed by the plaintiff, Acadiana Bank [Bank] and defendant St. Landry Homestead Association [SLHA]. The complaint herein seeks a determination of the extent and priority of the mortgages held by the Bank and SLHA. The trustee was made a party to this action, and in answering, requests a determination that the real property in question be declared to be property of the estate and further that it be declared to be free and clear of all encumbrances. Since the two motions for summary judgment now before the court deal solely with prior-

ity as between the two creditors, without reference to the trustee's contention, these motions will be treated as motions for partial summary judgment pursuant to Rule 56(d) of the Federal Rules of Civil Procedure. The validity of these liens as against the trustee will remain for future determination.

### Facts

The parties to this motion do not dispute the facts in this case. On July 18, 1978, the Bank advanced $90,000.00 to the debtors in this case. Said loan was secured by a Collateral Mortgage-Real and Chattel, executed and subsequently recorded in the names of Herman *J.* Guillory and Bessie Berzas Guillory. That mortgage pledged two parcels of real estate. Tract One was titled in the name of Herman *B.* Guillory and Bessie Berzas Guillory. The record owner of Tract Two is Herman *J.* Guillory and Bessie Berzas Guillory.

Subsequently, SLHA also advanced money to the debtors, taking and recording a mortgage on Tract One. Prior to taking that mortgage, SLHA requested and received a certificate of mortgages dated March 21, 1979 in the names of Herman B. Guillory and Bessie Berzas Guillory. That mortgage certificate did not reflect the Bank's prior mortgage recorded in the name of Herman J. Guillory. That certificate was supplemented on March 28, 1979, and again the Bank's prior mortgage was not shown.

It should be noted that when the Bank requested mortgage certificates in the name of Herman J., SLHA's mortgage recorded in the name of Herman B. did appear.

Both the Bank and SLHA claim a first mortgage on Tract One. The Bank relies on La.Civ.Code Arts. 3329 and 3342 *et. seq.*, and a long line of cases, declaring that if the mortgage is properly inscribed in the public record, it is effective against third parties. Essentially, the Bank's position equates this situation with that of a mis-indexed mortgage. As far back as 1879, the Louisiana courts declared that the index to

mortgages is not a part of the record itself. In *Swan v. Vogel*, 31 La.Ann. 38 (1879), the court declared that if there was enough information in the record to indicate the identity of the mortgage, i.e., to put a searcher on notice, the mortgage was effective as to third persons. The Bank asserts that the description of the property and the designation of the mortgagor as Herman Guillory married to Bessie Berzas was sufficient to put a searcher on notice, and the Bank should, therefore, prime the lien of SLHA.

SLHA, on the other hand, relies on a recent Louisiana Court of Appeals case. In *First Financial Bank v. Johnson*, 477 So.2d 1267 (4th Cir.1985), the court was faced with a situation almost identical to the one at bar. In that case, the court was called upon to decide whether a recorded mortgage executed in the name of "James J. Johnson" on real property titled in the name of "James Johnson" gave subsequent creditors sufficient notice of the encumbrance. In that case, the court determined that to be effective as against third parties, a mortgage must be recorded in the name of the record owner of the mortgaged property. Thus, SLHA asserts that because the record owner of Tract One is Herman B., the mortgage in the name of Herman J. is not effective as against SLHA.

This court, for reasons of comity, feels compelled to follow the holding of the *Johnson* case as the latest expression of the law as enunciated by the Louisiana courts. This court does not agree with *Johnson*, and notes that that court cited no authority for a decision that seems contrary to the great weight of prior case authority. This court believes that the purpose of the recordation statutes is to provide subsequent creditors with notice and that a mortgage recorded under a nearly identical name, with the spouse's name the same, should serve to put a searcher on notice of that mortgage. However, the *Johnson* court held to the contrary, and this court is bound by that decision.

By reason of the foregoing, this court finds that the mortgage of SLHA primes

that of Acadiana Bank. A judgment consistent with this opinion will be signed upon submission.

## ON MOTION FOR REHEARING

This matter is before the court on a Motion for Rehearing filed by the plaintiff herein, First Acadiana Bank [Bank]. The bank seeks reconsideration of this court's determination that the mortgage of defendant St. Landry Homestead Association [SLHA] has priority over that of the Bank. In order to rule on this motion, it will be necessary to briefly state the facts leading to this court's original conclusion.

Both the Bank and SLHA had mortgages on the same real property belonging to the above-referenced debtors. Although the Bank's mortgage was recorded earlier in time, the mortgage was given in the name of "Herman *J.* Guillory", not "Herman *B.* Guillory", which was the name in which the property in question was titled. SLHA's mortgage was in the name of "Herman B.", and was properly recorded, although at a later time. Significantly, when SLHA ran a mortgage certificate in the name of Herman B. Guillory, the Bank's mortgage did not appear on the parish records.

This court found that the case of *First Financial Bank v. Johnson*, 477 So.2d 1267 (4th Cir.1985) was controlling in this situation. The *Johnson* case held that to be effective as against third parties, a mortgage must be recorded in the name of the record owner of the property. Although this court disagrees with that decision for reasons set out in its Reasons for Judgment dated April 24, 1986, the *Johnson* case represents the latest expression of authority by a Louisiana appellate court, and as such, is binding on the bankruptcy court. This court therefore found in favor of SLHA.

The Bank's Motion for Rehearing asserts that this court, in its earlier decision, failed to take into consideration that, unlike the Johnson case, here there are two record owners of the property concerned, Herman Guillory, and Bessie Berzas Guillory. This

court granted the motion to reconsider in order to address that issue.

SLHA asserts that "Bessie Berzas Guillory" is not a record owner of the property in question, because she is not listed as such in the Act of Sale by which the property in question was purchased. The Bank argues that Article 2398 of the Louisiana Civil Code, which provides that each spouse owns a present undivided one-half share in the couple's community property, creates such record ownership in Mrs. Guillory in this case. This court, however, finds it unnecessary to reach a conclusion on that issue. Even assuming that "Bessie Berzas Guillory" was a record owner of the real estate in question, the Bank's *mortgage* is in the name of Herman J. Guillory only. The mortgage reads as follows:

## HERMAN J. GUILLORY

induvidually [sic], married to and living with Bessie Berzas Guillory, residents of St. Landry Parish, Louisiana, whose mailing address is declared to be P.O. Box 144, Eunice, Louisiana 70535, and d/b/a EUNICE FENCE COMPANY,

The primary issue here is whether SLHA could, or should, have had notice of the Bank's prior mortgage. Under the *Johnson* case, as a matter of law, recording the mortgage in the name of Herman J. Guillory, when the name of the record owner was different, was ineffective to give notice of the prior mortgage to SLHA. Nor would a search in the name of Bessie Berzas Guillory have revealed the bank's mortgage, because the mortgage is in the name of Herman B. Guillory alone. Although this court recognizes that the mortgage indices are not conclusive, it is worthy of note that in those indices, copies of which were entered in the record herein, the Bank's mortgage does not appear under the name of Bessie Berzas Guillory, while the SLHA mortgage is reflected in those records.

The court, therefore, finds that, assuming Bessie Berzas Guillory to be a record owner of the real property at issue here, because the mortgage to the Bank is in the name of Herman J. Guillory only, SLHA

did not have notice of the Bank's mortgage. The Bank's mortgage is thus primed. A judgment consistent with this opinion will be signed upon submission.